# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

JAMES HENNERY HANNIGAN,

Defendant-Appellee.

UNPUBLISHED
January 26, 2017

No. 328095
Berrien Circuit Court
LC No. 2014-002421-FY

Before: SHAPIRO, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals by right the circuit court's order granting defendant's motion to quash the bindover. Because the district court's bindover decision was not an abuse of discretion, we vacate the circuit court's order quashing the bindover and remand for reinstatement of the charges and for further proceedings not inconsistent with this opinion.

Defendant was arrested and charged with drug offenses following a traffic stop in Berrien County on June 18, 2014. At the preliminary examination, the arresting officer, Trooper Russell Bawks of the Michigan State Police, testified regarding the traffic stop and the subsequent search of defendant's vehicle. Specifically, Bawks stopped defendant's RV shortly after it exited from I-94 onto I-196. According to Bawks's testimony, after speaking to defendant and his two passengers, Bawks asked for consent to search the vehicle, and when defendant denied consent, Bawks then asked if defendant would have a problem with a K-9 coming to conduct a drug sniff of the RV. Bawks testified that defendant replied "no problem at all" and sat on the bumper of the RV conversing with the officers until the K-9 arrived. The K-9 arrived on scene and alerted for the presence of narcotics. When informed that the K-9 alerted positive, defendant appeared "distraught" and he made a "beeline" for the driver's seat of the RV as though intending to drive away. Police then searched the RV and found a black duffel bag containing various illegal substances, including methylenedioxymethamphetamine (MDMA) (commonly known as "ecstasy") and marijuana. Defendant admitted ownership of the black bag. Upon being arrested, defendant also admitted that he manufactures his own MDMA and that he planned to bring the drugs to the music festivals for himself and his friends.

Following testimony from Bawks and the K-9 handler Trooper Michael Sinke, the prosecution moved to have defendant bound over. In response, defendant moved, under MCR 6.110(D), to suppress the contraband recovered from the RV on the basis that it was the product

-1-

of an illegal search in violation of his Fourth Amendment rights. The district court denied defendant's motion and admitted the evidence. Based on the evidence presented, the district court found probable cause to bind defendant over for trial on charges of possession with intent to deliver MDMA, MCL 333.7401(2)(b)(*i*), and possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*).

In the circuit court, defendant filed two separate motions: a motion to suppress the evidence and a motion to quash the bindover. Although defendant requested an evidentiary hearing on his motion to suppress, a hearing was not held and the motion to suppress was never specifically adjudicated. With regard to the motion to quash, reviewing only the testimony presented at the preliminary hearing, the circuit court granted defendant's motion to quash the bindover. However, as the basis for its ruling, the circuit court concluded that the evidence found during the search of the RV should be suppressed because it had been unlawfully obtained. Absent this evidence, the circuit court quashed the bindover because there was not probable cause that defendant had committed a crime. The prosecution now appeals.

On appeal, the prosecution argues that the circuit court erred in its review of the district court's decision to bind defendant over for trial. In particular, the prosecutor emphasizes that a circuit court reviews a bindover decision for an abuse of discretion. According to the prosecutor, the circuit court exceeded the scope of this review in this case by evaluating the evidence de novo and essentially deciding a motion to suppress, in the context of a motion to quash, without the benefit of having seen and heard the witnesses testify. Thus, the prosecutor argues that the charges should be reinstated and that any determination regarding the suppression of evidence should be made on remand incident to a motion to suppress. We agree.

"A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial." *People v Jenkins*, 244 Mich App 1, 14; 624 NW2d 457 (2000). In other words, "[a] circuit court's decision with respect to a motion to quash a bindover order is not entitled to deference;" rather, this Court "essentially sits in the same position as the circuit court when determining whether the district court abused its discretion." *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016) (quotation marks and citation omitted).

"In order to bind a defendant over for trial in the circuit court, the district court must find probable cause that the defendant committed a felony." *Id*. See also MCL 766.13. "Probable cause requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003). To meet its burden, the prosecutor must present "evidence from which at least an inference may be drawn establishing the elements of the crime charged*." Id*.

In this case, defendant has been charged with possession with intent to deliver MDMA, MCL 333.7401(2)(b)(*i*), and possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*). To convict a defendant of possession with intent to deliver a controlled substance, "the prosecution must prove (1) that the recovered substance is a narcotic, (2) the

weight of the substance, (3) that the defendant was not authorized to possess the substance, and (4) that the defendant knowingly possessed the substance intending to deliver it." *People v McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005). At the preliminary hearing, based on its assessment of Bawks's credibility, the district court admitted the evidence obtained in the search of the RV, and this evidence, along with defendant's admissions at the scene in regard to his ownership and intent with respect to the contraband, provided sufficient evidence to bind defendant over for trial on these charges. In short, having reviewed the district court record, we cannot conclude that the district court abused its discretion by binding defendant over for trial. See *Jenkins*, 244 Mich App at 14.

In holding otherwise, the circuit court went beyond a review of the sufficiency of the evidence supporting defendant's bindover and made a de novo determination that the evidence obtained in the search of the RV should have been suppressed because it was illegally obtained. In other words, while deciding a motion to quash the bindover, the circuit court essentially decided a motion to suppress the evidence. However, on the facts of this case, such a procedure was not appropriate, and issues relating to the search of defendant's vehicle should instead be decided by conducting a de novo evidentiary hearing and ruling on defendant's motion to suppress. In particular, absent a stipulation from the parties, a motion to suppress evidence generally requires a full evidentiary hearing. See *People v Kaufman*, 457 Mich 266, 275-276; 577 NW2d 466 (1998); *People v Talley*, 410 Mich 378, 389; 301 NW2d 809 (1981), overruled in part by *Kaufman*, 457 Mich at 276. It follows that, in the absence of a stipulation from the parties, the circuit court cannot, in the guise of ruling on a motion to quash the bindover, substitute its judgment for that of the district court by deciding de novo a motion to suppress evidence based solely on the preliminary hearing transcript. See *Talley*, 410 Mich at 389, 391; *id.* at 394 (LEVIN, J., concurring). See also *Kaufman*, 457 Mich at 276 (overruling *Talley* only insofar as *Talley* held that parties could not "agree to have a motion to suppress decided on the basis of the record of the preliminary examination").

In this case, the record does not show that the parties stipulated to reliance on the preliminary examination transcript, and the circuit court thus erred by ruling on the motion to suppress in the context of deciding a motion to quash without the benefit of a full evidentiary hearing. That is, although defendant challenged the search in connection with his motion to quash, he also filed a separate motion to suppress, which expressly included a request for an evidentiary hearing. Then, at the hearing on the motion to quash, both parties in fact presented the circuit court with additional testimony from Officer Bawks, and defendant also sought to introduce police logs into evidence. In these circumstances, faced with the presentation of additional evidence, rather than simply disregarding this evidence, the circuit court should have recognized that it was in actuality being asked to decide a motion to suppress involving the presentation of new evidence. Cf. *Talley*, 410 Mich at 394 (LEVIN, J., concurring). The appropriate course of action in such circumstances was to conduct a de novo evidentiary hearing on defendant's motion to suppress. See MCR 6.110(D)(2); *Talley*, 410 Mich at 389; *id.* at 394 (LEVIN, J., concurring) ("[The circuit court] should have cut to the heart of the matter, interpreted the motion [to quash] as one to suppress, held an evidentiary hearing and based his conclusions on his own assessment of the witnesses.").

In sum, the evidence in question should not have been suppressed by the circuit court in the absence of a de novo evidentiary hearing on defendant's motion to suppress. Instead, in

ruling on the motion to quash the bindover, the circuit court should have confined it analysis to determining whether the district court abused its discretion by concluding that the evidence admitted at the preliminary examination demonstrated probable cause to bind defendant over for trial. See *Seewald*, 499 Mich at 116; *Yost*, 468 Mich at 126. Because the district court's bindover decision was not an abuse of discretion, we vacate the circuit court's order quashing the bindover and we remand for reinstatement of the charges. However, to be clear, our decision should not be read to prevent defendant from pursuing his motion to suppress on remand and seeking an evidentiary hearing pursuant to MCR 6.110(D). In particular, in addition to any other evidence the parties might wish to present, it would seem that the in-car video footage of the stop could be of considerable importance to deciding whether the evidence in question was lawfully obtained.

Vacated and remanded for reinstatement of the charges and for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto

-4-